UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 20-CV-24791-GAYLES

STEVEN SMITH, individually and as
Trustee for THE STEVEN R. SMITH &
JUDITH ANN SMITH AMENDED
REVOCABLE TRUST,

    Plaintiff,

v.

DAVID COGGINS,

    Defendant.
_____/

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** came before the Court on Plaintiff's Motion for (1) Entry of a Final Default Judgment and (2) The Court to Retain Jurisdiction to Determine Attorney's Fees (the "Motion"). [ECF No. 14]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On November 11, 2020, Plaintiff filed a complaint against Defendant David Coggins alleging Defendant fraudulently induced Plaintiff to invest $150,000 in a purported hedge fund and wrongfully retained Plaintiff's investment. [ECF No. 1]. On February 15, 2021, Plaintiff filed an Amended Complaint adding allegations that Defendant was concealing his whereabouts. [ECF No. 5]. The Amended Complaint contains three claims: (1) Violation of the Florida Securities and Investor Protection Act; (2) Fraud in the Inducement; and (3) Breach of Fiduciary Duty. *Id.*[1]

---

[1] Defendant pled guilty to one count of securities fraud based on the same conduct and was sentenced to a term of imprisonment of 51 months. *See United States of America v. David C. Coggins*, Case No. 21-CR-20105.

Despite proper service, Defendant failed to answer or otherwise appear in this action. On April 15, 2021, upon Plaintiff's motion, the Clerk of Court entered a default against Defendant. [ECF No. 12]. Plaintiff timely moved for entry of final default judgment. [ECF No. 14].

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter final default judgment against a party who has failed to respond to a complaint. Before entering default judgment, a "district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC* v. *Alcocer,* 218 F. App'x 860, 863 (11th Cir. 2007). Upon review of Plaintiff's Motion and the record, the Court finds a sufficient basis to support Plaintiff's claims for (1) Violation of the Florida Securities and Investor Protection Act; (2) Fraud in the Inducement; and (3) Breach of Fiduciary Duty. In addition, the Court finds that Plaintiff has established entitlement to $150,000 in compensatory damages.

Plaintiff's request for punitive damages, however, must be denied at this time. "A default admits a plaintiff's entitlement to liquidated damages under a well-pled cause of action, but not to unliquidated damages . . . Punitive damages are unliquidated in nature." *Weinstock v. Harvey*, No. 8:19-cv-2979-T-33AEP, 2020 WL 6689751, at *6 (M.D. Fla. Nov. 13, 2020) (internal citations omitted). "As such, without a trial[,] entry of a default judgment awarding punitive damages would be void." *Id.* Therefore, Plaintiff's request for punitive damages, at this stage of the proceedings, must be denied.

Accordingly, it is

**ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for (1) Entry of a Final Default Judgment and (2) The Court to Retain Jurisdiction to Determine Attorney's Fees, [ECF No. 14], is **GRANTED in part**.

2. Final Default Judgment is entered in favor of Plaintiff, Steven Smith, individually and as trustee for The Steven R. Smith & Judith Ann Smith Amended Revocable Trust, and against Defendant David Coggins as to all Counts in the Amended Complaint.

3. Plaintiff is entitled to recover from Defendants the sum of **$150,000** in compensatory damages and **$557.48** in costs for a total amount of **$150,557.48** for which let execution issue.

4. Prejudgment interest shall be awarded as interest on $115,000 of the principal sum from June 20, 2019, to the date of entry of this Default Final Judgment and on $35,000 of the principal sum from November 6, 2019, to the date of entry of this Default Final Judgment, each at the rate fixed by the Florida Department of Financial Services, as set forth by Florida Statute § 55.03.

5. Interest on the judgment shall accrue from the date of entry of this Default Final Judgment at the rate established under 28 U.S.C. § 1961.

6. Plaintiff shall file a Motion for Attorney's Fees on or before February 28, 2022.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Monday, February 07, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE